1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                          DISTRICT OF NEVADA

6                                                  * * *

7    UNITED STATES OF AMERICA,                          Case No. 2:13-cr-00054-KJD-DJA
                                                                 2:13-cr-00019-KJD-DJA
8                                           Plaintiff,

9          v.                                                        **ORDER**

10   JOSHUA CROFT,

11                                         Defendant.

12         Presently before the Court is Defendant's Emergency Motion for Release Pending

13   Sentencing (#137). The Government filed a response in opposition (#138), to which Defendant

14   replied (#139). Defendant is requesting to be released from custody pending his resentencing

15   hearing, as he believes "there is a possibility that he has already exceeded the time in custody

16   that will be imposed at the forthcoming resentencing." (#137, at 2). Croft further argues that

17   release pending sentencing is authorized under 18 U.S.C. § 3143(a) because he is not likely to

18   flee or pose a danger to the community. Id. In its response, the Government argues that because

19   Croft continues to pose a danger to the community, he has not met the factors establishing relief

20   under 18 U.S.C. § 3143(a). (#138).

21   I.    Factual and Procedural Background

22         While on supervised release, Croft violated the conditions of his supervised release by

23   committing new crimes—armed robbery—and failing to report to scheduled drug testing. Prior

24   to sentencing and based on the understanding that robbery was a crime of violence in the State of

25   Nevada, the Probation Office recommended a sentence of 24-months. On July 1, 2022, this Court

26   imposed consecutive prison sentences of 30-months for supervised release violations relating to

27   2:13-cr-00019-KJD-DJA and 2:13-00054-KJD-DJA. (#114). On appeal, the Ninth Circuit held

28   that robbery under Nevada law is not a crime of violence and as such, 30-months was outside the

1   applicable sentencing range. <u>United States v. Croft</u>, No. 22-10119, 2023 WL 3074541, at *1 (9th

2   Cir. 2023). The Ninth Circuit remanded the case to allow this Court the opportunity to reconsider

3   the grade of Croft's supervised release violations. <u>Id.</u>

4   II.    <u>Analysis</u>

5          **A. Sentencing**

6          Croft argues that because his supervised release violations "qualify as Grade B violations

7   with [a] maximum available sentence of twenty-four (24) months per case[,]" there is a

8   "likelihood that he was already completed his sentence."[1] (#137, at 4). Croft's argument fails for

9   two reasons. First, under 18 U.S.C. § 3583, a defendant whose term is revoked may not be

10  required to serve on any such revocation more than 2 years in prison if the offense that resulted

11  in the term of supervised release is a class C or D felony. 18 U.S.C. § 3583(e)(3). Here, Croft's

12  underlying offenses, tampering with a witness, conspiracy to interfere with commerce by

13  robbery, and interference with commerce by robbery and aiding and abetting, are all classified as

14  class C felonies. <u>See</u> 18 U.S.C. § 1512; 18 U.S.C. § 1951, 1952; 18 U.S.C. § 3559(a). However,

15  18 U.S.C. § 3584(a) grants this Court discretion to impose consecutive imprisonment terms upon

16  revocation of concurrent supervised release terms. <u>United States v. Campbell</u>, 937 F.3d 1254,

17  1257 (9th Cir. 2019). Therefore, this Court is not bound by the 2-year statutory maximum, as

18  Croft has violated supervised release terms relating to both 2:13-cr-00019-KJD-DJA and 2:13-

19  00054-KJD-DJA. And second, Croft's entire argument relies on the proposition that the Court

20  will impose the minimum of the sentencing range for his supervised release violations. [2]

21  Although the Court defers until resentencing to explicitly state what sentence it will impose, the

22  nature of Croft's violations—armed robbery—weigh heavily against imposing the sentencing

23  range minimum. As such, Croft's sentencing argument fails.

24

25  _____

26  [1] U.S.S.G. 7B1.1 defines Grade B violations as "conduct constituting any other federal, state, or local
    offense punishable by a term of imprisonment exceeding one year[.]" U.S.S.G. 7B1.1(a)(2).

27  [2] For a defendant with a criminal history category of IV, the sentencing range for a Grade B violation is
    12-18 months. U.S.S.G. 7B1.4.

28

**B. Release Pending Resentencing – 18 U.S.C. § 3141(a)**

"A defendant may be released while awaiting imposition or execution of sentence only if the judge finds 'by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.'" United States v. Masters, No. 2:12-CR-00145-MMD-GWF, 2015 WL 8780098, at *2 (D. Nev. Dec. 15, 2015), aff'd, No. 15-10604, 2016 WL 10931242 (9th Cir. 2016) (citation omitted). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Croft attempts to argue that he does not pose a danger to the community and that he has rehabilitated himself. (#138, at 8-11). These arguments are unpersuasive. On July 29, 2021, Croft's supervised release commenced, and less than two months later Croft was arrested and charged with armed robbery. The fact that the charges were dismissed does not preclude a finding that Croft still possesses a propensity for violent conduct and as such, poses a danger to the community.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion (#137) is **DENIED**; **IT IS FURTHER ORDERED** that Defendant's motion (#228) relating to 2:13-cr-00019-KJD-DJA is also **DENIED.**

Dated this 10th day of August 2023.

_____
Kent J. Dawson
United States District Judge

- 3 -